UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARDNER,<br>  Plaintiff,<br>v.<br>FEDERAL EXPRESS CORPORATION,<br>  Defendant. | Case No. 14-cv-01082-TEH<br><br>**ORDER ON MOTIONS IN LIMINE;<br>ORDER TO SHOW CAUSE** |

Plaintiff Robert Gardner and Defendant Federal Express Corporation ("FedEx") submitted simultaneous motions in limine on September 22, 2015. (Docket Nos. 72, 75.) Plaintiff timely responded on September 29, 2015 (Docket No. 80), but Defendant failed to respond until October 1, 2015, two days after the deadline for such responses (Docket No. 81).[1] After carefully considering these submissions, the Court considers oral argument unnecessary (except regarding the Defendant's motion in limine, as discussed below), and hereby GRANTS IN PART AND DENIES IN PART the motions in limine, as set forth below.

**BACKGROUND**

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts. Plaintiff was a full-time Ramp Transport Driver ("RTD") at Defendant's Oakland yard facility when he suffered an on-the-job injury to his neck and shoulder on January 30, 2013. Gardner Decl. ¶ 2 (Docket No. 36). FedEx Policy 1-8 provides employees with up to 90 days of job-protected medical leave.

---

[1] Accordingly, with good cause appearing, Defendant is ORDERED TO SHOW CAUSE why the Court should not impose monetary or other sanctions for its failure to timely respond to Plaintiff's motions in limine. The show cause hearing shall be held on **Tuesday, October 13, 2015, at 9:00 AM**. Should Defendant wish to provide a written response to this order, it may do so on or before **Friday, October 9, 2015**.

1  Ex. 107 to Matheis Decl. (Docket No. 37-4).  After the exhaustion of the 90 days of

2  medical leave, a FedEx employee may be "displaced," allowing FedEx to replace the

3  position of the employee on leave or allow the position to remain unfilled.  *Id.*

4      On May 22, 2013, Plaintiff was notified that he had been "displaced" from his

5  position pursuant to Policy 1-8.  Gardner Decl. ¶ 4; Ex. 1 to Gardner Decl.  Plaintiff

6  remained a FedEx employee and continued with paid medical leave, but he was no longer

7  an Oakland operation employee.  On September 3, 2013, Plaintiff was notified that his

8  position was no longer available (Gardner Decl. ¶ 9), and that he would be on an unpaid

9  leave of absence for 90 days, during which time he could look for another position at

10 FedEx (Ex. 3 to Gardner Decl.).  On February 17, 2014, Defendant terminated Plaintiff's

11 employment because he had been unable to find another position with the company.

12 Gardner Decl. ¶ 12.  Plaintiff filed suit on March 7, 2014.  (Docket No. 1.)  A jury trial in

13 this matter is set to begin October 13, 2015.

## LEGAL STANDARD

Federal Rule of Evidence ("Rule") 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Rule 402 creates a general presumption that relevant evidence is admissible unless otherwise prohibited.  Fed. R. Evid. 402.  Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## PLAINTIFF'S MOTIONS IN LIMINE

### I. Plaintiff's Motion in Limine No. 1

Plaintiff seeks to exclude all references, evidence, and testimony regarding Defendant's financial difficulties and the reorganization of the corporation's Air, Ground,

1   and Freight Services ("AGFS") division.  Plaintiff argues that such evidence is irrelevant
2   under Rule 401, because Defendant's own Managing Director has "testified that the
3   reorganization was not related to eliminating plaintiff's position and that he is not aware of
4   anyone being laid off as part of the reorganization."  Pl.'s Mot. at 2-3 (Docket No. 75).
5   Defendant argues that "[i]t is simply not true that the downturn in business, resulting in a
6   reorganization of AGFS, played no role in [Plaintiff]'s termination," because the downturn
7   and resulting reorganization led to overstaffing in Plaintiff's position.  Def.'s Opp'n at 4-5
8   (Docket No. 81).  Defendant further argues that excluding such evidence "would be highly
9   prejudicial to [Defendant], as there would be no explanation for the elimination of
10  [Plaintiff's] position[]," and that Plaintiff will rely on this lack of explanation to support
11  his claim of discrimination.  *Id*. at 5.
12       The Court finds that evidence regarding Defendant's financial difficulties and the
13  reorganization of AGFS is relevant to the number and quality of positions available when
14  Plaintiff was released to return to work, and to Plaintiff's claim of discrimination (i.e., to
15  whether any adverse employment action was "because of" discrimination or other
16  economic factors).  Plaintiff's first motion in limine is therefore DENIED.

**II.   Plaintiff's Motion in Limine No. 2**

19  Plaintiff seeks to exclude all references, evidence, and testimony regarding
20  Plaintiff's Workers' Compensation recovery or potential recovery, and all references,
21  evidence, and testimony regarding the fact that Plaintiff's initial 90-day medical leave was
22  "paid."  Plaintiff argues that such evidence is irrelevant under Rule 401, and is more
23  prejudicial than probative under Rule 403 because such evidence could "confuse the jury
24  in analyzing [Plaintiff's] damages from discrimination" or cause the jury to think Plaintiff
25  is "greedy."  Pl.'s Mot. at 3-4.  Defendant concedes that it "does not intend to put on
26  evidence of any Worker's Compensation 'award,'" but argues that the motion should
27  nevertheless be denied because "[f]rom February 6 through August 30, [Plaintiff] was paid

3

two-thirds of his regular pay, without tax deductions, [and] was [therefore] on a paid medical leave of absence . . . ." Def.'s Opp'n at 5.

Because Defendant does not intend to introduce any evidence regarding a Worker's Compensation "award," the Court finds no reason to deny Plaintiff's motion to exclude such evidence. As to evidence regarding the fact that Plaintiff's initial 90-day medical leave was "paid," Defendant has provided no explanation why such evidence is relevant. Rather, Defendant has argued only that such evidence is factually correct. In the absence of any explanation of why the leave being "paid" has any tendency to make a fact of consequence "more or less probable," the Court finds that any probative value of such evidence is substantially outweighed by a danger of confusing the issues and/or misleading the jury with respect to the distinct issue of Plaintiff's damages. Plaintiff's second motion in limine is therefore GRANTED.

### III.   Plaintiff's Motion in Limine No. 3

Plaintiff seeks to exclude all references, evidence, and testimony regarding Plaintiff's application for and receipt of unemployment insurance benefits. Plaintiff argues that such evidence is "irrelevant under the collateral source rule," which provides that damages "shall not be reduced by the receipt of payments for [a plaintiff's] loss from a source wholly independent of the wrongdoer." Pl.'s Mot. at 4-5. Defendant argues that the collateral source rule "only preclude[s] using the amount of money received through unemployment insurance as a set off against economic loss . . . [and] do[es] not preclude the introduction of the fact of receiving unemployment insurance benefits and the amount thereof." Def.'s Opp'n at 5. Defendant further argues that "the fact [Plaintiff] was receiving unemployment insurance benefit payments helps explain why [he] was empowered to decline all part-time positions offered to him." *Id*. at 6.

Since Defendant concedes that evidence regarding Plaintiff's unemployment benefits is inadmissible to reduce his damages, there must be some independent basis of relevance for the evidence to survive. Plaintiff's financial position while unemployed may

4

1  have some probative value with respect to Defendant's affirmative defense that Plaintiff
2  failed to mitigate damages by making reasonable efforts to seek available employment.
3  But the minimal probative value of this evidence is substantially outweighed by the danger
4  of unfair prejudice, confusing the issues, and/or misleading the jury, rendering it
5  inadmissible under Rule 403.  There is a significant risk, for instance, that the jury will
6  confuse the issue and amount of any damages with the amount Plaintiff received through
7  unemployment insurance.  Such result would be both improper under the collateral source
8  doctrine and would unfairly prejudice Plaintiff merely for making use of the
9  unemployment insurance system.  There is likewise a significant risk that any attempt to
10 limit the jury's consideration of such evidence will devolve into a mini-trial over the
11 speculative effect of unemployment benefits on an unemployed individual's willingness to
12 work, a question which has little relevance, if any, to any claim or defense.  Plaintiff's
13 third motion in limine is therefore GRANTED.

## IV.     Plaintiff's Motion in Limine No. 4

Plaintiff seeks to exclude all references, evidence, and testimony regarding Plaintiff's at-will status while an employee of Defendant.  Plaintiff argues that he does not contest his at-will status because he has not made a claim for "breach of the implied contract to terminate only for good cause," and as such, "evidence of his at-will status is irrelevant to whether he was terminated in violation of FEHA."  Pl.'s Mot. at 6.  Defendant argues that Plaintiff has continually "ma[de] much about his being an 18-year employee of [Defendant] and, therefore, deserving of better treatment," which incorrectly "implies that [Plaintiff's] mere status as a long-term employee creates rights" beyond those associated with at-will employment.  Def.'s Opp'n at 6.

The Court finds that evidence regarding Plaintiff's at-will status is irrelevant under Rule 401.  There is no dispute about whether Plaintiff was an at-will employee, and such evidence therefore has no bearing on a fact of consequence.  Plaintiff's fourth motion in limine is therefore GRANTED.  If, however, Plaintiff introduces evidence at trial

suggesting that Plaintiff's 18-year employment with Defendant entitled him to rights beyond those of an at-will employee, then Defendant may rebut this evidence with evidence that Plaintiff was an at-will employee.

### V. Plaintiff's Motion in Limine No. 5

Plaintiff seeks to exclude all references, evidence, and testimony regarding Defendant's part-time and/or out-of-state job offers to Plaintiff. Plaintiff argues that these positions "were not comparable to his former position," and are therefore irrelevant because Plaintiff's duty to mitigate damages was limited to acceptance of "substantially similar" positions. Pl.'s Mot. at 6-7. Defendant argues that the "substantial similarity" of the part-time and/or out-of-state positions to Plaintiff's prior position is a question of fact for the jury. Def.'s Opp'n at 6.

The Court finds that evidence regarding Defendant's part-time and/or out-of-state job offers to Plaintiff is relevant to Defendant's affirmative defense that Plaintiff failed to mitigate damages, and that the question whether these offers were "substantially similar" to Plaintiff's prior position with Defendant is a question of fact to be decided by the jury. *See* Cal. Civ. Jury Instr. ("CACI") 2407 (Employee's Duty to Mitigate Damages). Plaintiff's fifth motion in limine is therefore DENIED.

### VI. Plaintiff's Motion in Limine No. 6

Plaintiff seeks to exclude all references, evidence, and testimony regarding the availability of full-time positions at Fedex after Plaintiff's termination. Plaintiff argues that "whether [his] acceptance of a part-time job would have led to a full-time job was highly speculative at the time," and such "evidence will mislead the jury into believing that plaintiff should have accepted a part-time position" that was actually inferior to his prior full-time position. Pl.'s Mot. at 8-9. Defendant argues that Plaintiff "must have had some idea of how often full-time RTD and/or other positions acceptable to him [would] become available" and that "the jury should be permitted to consider whether [Plaintiff] acted

6

1  reasonably [to mitigate damages, given] what he reasonably could have expected to
2  occur." Def.'s Opp'n at 7.

3        The Court finds that the minimal relevance, if any, of this evidence is substantially
4  outweighed by the danger of misleading the jury, rendering it inadmissible under Rule 403.
5  As discussed above, whether the part-time and/or out-of-state jobs offered to Plaintiff were
6  substantially similar to Plaintiff's prior work is a question of fact for the jury. Defendant
7  explains that it plans to use evidence of later full-time positions to influence the jury's
8  assessment of Plaintiff's assessment of the quality of these part-time and/or out-of-state
9  jobs. *See* Def.'s Opp'n at 7. But this would require the jury to speculate as to Plaintiff's
10 mental state at the time of the relevant job offers. Such speculation creates a substantial
11 risk that the jury will confuse the quality of these separate positions available at separate
12 periods in time. Plaintiff's sixth motion in limine is therefore GRANTED.

### VII.    Plaintiff's Motion in Limine No. 7

Plaintiff seeks to exclude all references, evidence, and testimony regarding Plaintiff's wife's income. Plaintiff argues that "[u]nder the law, plaintiff's damages are not altered based on his spouse's income," and that any "reference to such evidence will only confuse or mislead the jury in it [sic] proper analysis of plaintiff's damages." Pl.'s Mot. at 9-10. Defendant argues that Plaintiff's wife's employment is relevant for two reasons: first, because her income is relevant to Plaintiff's "decision-making when declining all offers of employment" from Defendant; and second, because Plaintiff has "always used the health care benefits available through [his wife's] employer," and that it is therefore incorrect for Plaintiff to include a $10,000 annual loss for health insurance in his calculation of economic damages. Def.'s Opp'n at 8.

The Court finds that evidence of Plaintiff's wife's *income* is irrelevant under Rule 401, because it has no bearing on either the amount of Plaintiff's damages or Defendant's affirmative defense that Plaintiff failed to mitigate damages. As to the amount of Plaintiff's damages, Defendant has not contested that "[u]nder the law, plaintiff's damages

7

1    are not altered based on his spouse's income." Pl.'s Mot. at 9-10.  Rather, Defendant
2    argues only that such evidence is relevant to Plaintiff's "decision-making when declining
3    all offers of employment."  Def.'s Opp'n at 8.  But Defendant does not dispute that
4    Plaintiff's wife was employed before, during, and after Plaintiff's period of
5    unemployment.  *See id.* ("[Plaintiff] did not avail himself of the health care benefits
6    available through FedEx . . . he and his wife have always used the health care benefits
7    available through her employer.").  Plaintiff's wife's income, which appears to have
8    remained a constant during his periods of employment and unemployment, therefore has
9    no probative value.  Plaintiff's seventh motion in limine is therefore GRANTED with
10   respect to Plaintiff's wife's income.

11        As to Plaintiff's wife's health care benefits, Plaintiff has not moved this Court to
12   exclude such evidence.  Plaintiff's seventh motion in limine addresses only Plaintiff's
13   wife's *income*.  It is therefore unnecessary for the Court to address the admissibility of
14   such evidence.

15

16   **DEFENDANT'S MOTION IN LIMINE**
17        Defendant seeks to exclude Plaintiff's Exhibits 45, 49, and 54, and the testimony of
18   Carlos Valdivia based thereon.  Def.'s Mot. at 1 (Docket No. 72).  Exhibit 54 is a draft of
19   an investigative report prepared by HR advisor Tamra Green, which she submitted to HR
20   manager Carlos Valdivia for review.  *Id.* at 4.  The report concerns Plaintiff's original
21   internal EEO Complaint for unfair treatment, and includes comments from Mr. Valdivia to
22   Ms. Green regarding the content of the draft report.  *Id.*  Specifically, comment [CV2]
23   states: "Management had waited almost 3 months to route bid.  Why couldn't management
24   give him back his route?  They could have if they wanted."  *Id.*  Exhibit 45 is an email
25   correspondence between Mr. Valdivia and Ms. Green discussing these comments (*id.* at
26   Ex. B), and Exhibit 49 is a copy of the final report (*id.* at Ex. C).
27        Defendant argues: (1) the exhibits are irrelevant under Rule 401 because the report
28   drafted by Ms. Green was not the one ultimately used by Defendant; (2) Mr. Valdivia's

8

deposition testimony demonstrates that he lacked personal knowledge of the underlying facts surrounding Plaintiff's employment and displacement, rendering his comments inadmissible under Rule 602; (3) Mr. Valdivia's speculation on matters for which he lacks personal knowledge represent an improper lay opinion under Rule 701; (4) Mr. Valdivia's comments were not statements of fact, but rather questions in the form of a "shorthand communication" to Ms. Green, and are therefore irrelevant under Rule 401; and (5) the evidence should be excluded under Rule 403 because it would invite a "minitrial over an inconsequential issue: i.e. whether Mr. Valdivia was making statements of fact or asking for additional information to be placed into an irrelevant report that was not used for any purpose relating to plaintiff," a process which would "confuse the issues, mislead the jury, and waste the jury's time." *Id.* at 3-6.

Plaintiff argues: (1) whether or not this report was used, it is relevant to the "quality of [Defendant]'s investigation of plaintiff's complaints [and therefore] relevant to plaintiff's failure to prevent discrimination claim"; (2) Mr. Valdivia had personal knowledge of both his own comments and his role within the investigation; (3) Mr. Valdivia's comments are an admissible lay opinion because they are "rationally based on the perception of the witness"; and (4) Mr. Valdivia's comments are not unduly prejudicial. Pl.'s Opp'n at 2-4 (Docket No. 80).

The Court is not convinced by either party's arguments at this stage. Accordingly, the Court reserves judgment on Defendant's motion in limine. On the first day of trial, the parties shall present oral argument regarding the admissibility of Plaintiff's Exhibits 45, 49, and 54, and the testimony of Carlos Valdivia based thereon, including additional relevant case law if possible.

**IT IS SO ORDERED.**

Dated: 10/06/15                                            _____
                                                            THELTON E. HENDERSON
                                                            United States District Judge