UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT GARDNER,

    Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

Case No. 14-cv-01082-TEH

**ORDER REGARDING SUPPLEMENTAL BRIEFING**

Plaintiff Robert Gardner has moved this Court for a new trial, following an October 22, 2015 jury verdict for Defendant Federal Express Corporation ("FedEx") on all six causes of action. Dkt. Nos. 113, 106. FedEx timely opposed, Dkt. No. 118, and the motion is currently set for oral argument on March 28, 2016, Dkt. No. 124.

Gardner argues that the jury's finding – on two of the six causes of action – that FedEx did not subject Gardner to an adverse employment action is "contrary to the instructions given by this Court regarding undisputed facts." Dkt. No. 113 at 2. FedEx argues, in part, that "viewed as a whole, it is clear that, even had the jury answered the 'adverse employment action' questions in the affirmative . . . the jury still would have found against Gardner by answering the next-following 'substantial motivating reason' questions . . . in the negative, resulting in the same verdict in favor of FedEx." Dkt. No. 118 at 2.[1] FedEx cites no case law to support this argument.

Assuming the Court agrees with Gardner that the finding of no adverse employment action is contrary to the clear weight of the evidence, then the Court lacks briefing about whether it would be appropriate to speculate about how the jury would have answered the questions that followed this incorrect finding. Accordingly, IT IS HEREBY ORDERED that each party shall file a supplemental brief of no more than five pages by **March 24,**

---

[1] Because the jury answered the "adverse employment action" questions in the negative, it did not answer the questions that followed for either of the implicated causes of action.

1  **2016**.  The briefs shall address whether it is appropriate for a court to reach questions that
2  the jury never reached, due to the structure of the special verdict form.[2]  The briefs shall
3  address the propriety of looking to both the jury's answers to other, similar questions, and
4  the propriety of looking to the trial record itself to speculate about how the jury would
5  have answered the questions.

**IT IS SO ORDERED.**

Dated:   03/17/16

_____
THELTON E. HENDERSON
United States District Judge

---

[2]  The Court is not interested in further briefing on a court's duty to harmonize a jury's inconsistent answers on a special verdict form.  *E.g.*, *Gallick v. Balt. & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963).  The question presented here is different, it is whether and how a court should treat *unanswered* questions on a special verdict form.