UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT GARDNER,

    Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

Case No. 14-cv-01082-TEH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE COSTS**

This matter came before the Court on March 28, 2016 for a hearing on Plaintiff Robert Gardner's Motion to Strike Costs. Dkt. No. 127. Defendant Federal Express Corporation ("FedEx") timely opposed the motion. Dkt. No. 130. After carefully considering the parties' written and oral arguments, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion, for the reasons set forth below.

**BACKGROUND**

Trial in this matter began on October 13, 2015. Dkt. No. 93. On October 22, 2015, the jury returned a unanimous verdict for Defendant FedEx on all six of Plaintiff Robert Gardner's claims. *Id.* On December 15, 2015, the Clerk of Court taxed costs in the amount of $9,202.57 against Gardner, as FedEx was the "prevailing party." Dkt. No. 123.

**LEGAL STANDARD**

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Federal Rule of Civil Procedure ("Rule") 54(d)(1) provides in relevant part: "Except when express provision therefor is made either in a statute of the United States or

1   in these rules, costs other than attorneys' fees shall be allowed as of course to the
2   prevailing party unless the court otherwise directs . . . ."

**DISCUSSION**

The basis for Gardner's motion to strike costs is twofold: first, Gardner argues that California state law prohibits the award of any costs to FedEx as the prevailing party; and second, Gardner argues that even if costs are permitted, costs were incorrectly taxed by the Clerk and should be reduced.

**I.  Federal law governs the award of costs in this matter.**

Gardner opposes the Clerk's taxation of costs based on a recent California Supreme Court decision.  Pl.'s Mot. to Strike Clerk's Taxation of Costs ("Mot.") at 2 (Dkt. No. 127).  In *Williams v. Chino Valley Independent School District*, the California Supreme Court held that a prevailing defendant in a Fair Employment and Housing Act suit – which this was – "should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so."  61 Cal. 4th 97, 115 (2015).  Gardner argues that this state court decision controls, because "the general rule is that state law regarding the right to and calculation of . . . costs should be applied."  Mot. at 2.

Gardner's argument is flawed, however, because the award of costs is generally a *procedural* matter, which means that federal law applies.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by [Rule] 54(d), even in diversity cases."); *Kolb v. Turner*, No. 1:07-cv-0262 OWW DLB, 2008 WL 5478575, at *13 (E.D. Cal. Dec. 31, 2008) ("Although federal jurisdiction in this case is based upon diversity, because the taxation of costs pursuant to [Rule] 54(d)(1) is a procedural matter, federal law applies."); *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176 (10th Cir. 2000) ("Under the rules of *Erie* and *Hanna*, Rule 54(d)(1) will trump a state cost shifting provision.").

2

There are limited circumstances in which costs become a *substantive* matter; namely, "a federal court sitting in diversity . . . will award costs in accordance with federal law unless a state provision allows for the awarding of costs as part of a substantive, compensatory damages scheme." *Kelly v. Echols*, No. CIV F05118 AWI SMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005). For example, in *Clausen v. M/V New Clarissa*, the Ninth Circuit held that expert witness fees were governed by Oregon law because the choice of law was "between a federal cost provision, and a state *damages provision* that permits prevailing plaintiffs . . . to recover 'costs of any kind' as *one element of its compensatory damages*." 339 F.3d 1049, 1064 (9th Cir. 2003) (emphasis in original).

Gardner cannot and has not argued that FedEx's costs were part of a compensatory damages scheme, which means they remain procedural in nature. Moreover, one district court has already noted, in dicta, that "*Williams* . . . held only that [California Government Code 12965(b)] is an exception to California Code of Civil Procedure 1032(b), not that it is substantive for *Erie* purposes or a 'compensatory damages' provision within the meaning of *Clausen*." *Andresen v. Int'l Paper Co.*, No. 2:13-cv-02079-CAS(AJWx), 2015 WL 3648972, at *4 (C.D. Cal. June 10, 2015). *See also id.* at *5 (holding "that [Rule] 54(d)—not state law—governs defendant's application and motion for costs").

Accordingly, the Court finds that the award of costs in this context is a procedural matter, and therefore governed by Rule 54(d). And Gardner does not contest that under Rule 54(d), FedEx would be entitled to costs as the prevailing party in this matter.

**II.     Costs must be adjusted to correct the Clerk's mistakes.**

Gardner first argues that the Court should strike entirely the $1,075.01 in "fees for service of summons and subpoena" awarded for FedEx's fees for service of subpoenas for records, deposition, and trial. Mot. at 3. Gardner is correct. Local Rule 54-3(a)(2) permits only: (1) *fees of the marshal*, under 28 U.S.C. § 1921(a)(1)(A); and (2) *fees for service of process* by someone other than the marshal, under Fed. R. Civ. P. 4(c). Though FedEx seeks to combine these two categories to receive costs for service of something other than

3

1  process by someone other than the marshal, Def.'s Opp'n to Pl.'s Mot. to Strike Clerk's
2  Taxation of Costs ("Opp'n") at 3 (Dkt. No. 130), this reading is inconsistent with the plain
3  text of the Local Rule.  Accordingly, the Court hereby GRANTS Gardner's motion to
4  strike the $1,075.01 award of fees for service of summons and subpoena.

   Gardner next argues that the Court should strike some portion of the $1,036.00 in
"fees for witnesses."  Mot. at 3.  The parties agree that the Clerk erroneously inflated
FedEx's original request for witness fees, $596.06, and that at most FedEx should be
awarded that amount.  *Id.*  The only disagreement is whether it was "reasonable" for one of
the witnesses – Carlos Valdivia – to fly up from Orange County and spend a night in San
Francisco, in order to guarantee that he was in court to testify on the specified day at 9:00
a.m.  *Id.*  First, it was plainly reasonable for Mr. Valdivia to fly rather than make the nearly
seven-hour drive from Orange County; the $346.06 for his flight is therefore properly
taxed under 28 U.S.C. § 1821(c)(1).  Second, the $250 taxed for the one-night hotel stay
necessitated by Mr. Valdivia's early reporting time is consistent with the Administrator of
General Services' per diem rate for hotel expenses in San Francisco in October 2015.
Opp'n at 4.  Accordingly, the Court hereby GRANTS IN PART and DENIES IN PART
Gardner's motion to strike FedEx's witness fees; the portion of the fee erroneously added
by the Clerk – $439.94 – is stricken, but the remaining portion – $596.06 – is upheld.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.  Federal law governs the award of costs in this matter, but costs must be reduced as follows: the $1,075.01 awarded in fees for service of summons and subpoena is stricken entirely, and $439.94 is stricken from the award for witness fees.

**IT IS SO ORDERED.**

Dated:   04/18/16

_____
THELTON E. HENDERSON
United States District Judge

4